# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER GREEN and<br>ERIC GREEN, her husband<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.; AMAZON ENTERPRISES, INC.; AMAZON HOME, INC.; AMAZON, LLC; AMAZON LOGISTICS, INC.; AMAZON RETAIL, LLC; AMAZON WEB SERVICES, INC.; AMAZON.COM, LLC; AMAZON.COM SALES, INC.; AMAZON.COM SERVICES LLC; AMAZON.COM SERVICES, INC.; HANDVOLL, a/k/a HANDVOL; and JOHN DOE 1,<br><br>Defendants. | CIVIL ACTION NO. 2:22-cv-496 |

## AMAZON'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendants Amazon.com, Inc.; Amazon.com Services LLC; Amazon Logistics, Inc.; Amazon Retail LLC; Amazon Web Services, Inc; and Amazon.com Sales, Inc. (erroneously sued as Amazon.com, LLC;[1] Amazon.com Services, Inc.;[2] Amazon Enterprises, Inc.;[3] Amazon Home, Inc.;[4] and Amazon, LLC[5]) (collectively, "Amazon"),[6] hereby remove the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas, Allegheny County, Case No. GD-22-002436, to the United States District Court for the

---

[1] Amazon.com, LLC merged into Amazon.com Services LLC and no longer exists.
[2] Amazon.com Services, Inc. converted into Amazon.com Services LLC and no longer exists.
[3] Amazon Enterprises, Inc. is not an incorporated entity and does not exist.
[4] Amazon Home, Inc. is not an incorporated entity and does not exist.
[5] Amazon, LLC is not an organized entity and does not exist.
[6] Of the Amazon defendants named in the Complaint, only Amazon.com, Inc. and Amazon.com Services LLC are active entities and are proper defendants in this case. For those entities which are or previously were valid legal entities, however, Amazon addresses the citizenship of each entity, in turn, for purposes of establishing that complete diversity exists amongst the parties such that removal is proper. Amazon expressly reserves the right to challenge any of the named Amazon's entities involvement in the sale of the subject ladder and Plaintiffs' claims flowing therefrom.

Western District of Pennsylvania. In support of removal, Amazon states as follows:

**A. Facts and Parties.**

1. On March 3, 2022, plaintiffs Amber Green and Eric Green (collectively, "Plaintiffs") initiated this product liability action against Amazon, Handvoll, a/k/a Handvol ("Handvoll"), and John Doe 1 by filing a Complaint in the Pennsylvania Court of Common Pleas, Allegheny County. (*See* generally Ex. A, Compl.; Ex. B, Civil Cover Sheet).

2. Plaintiffs served a copy of their Complaint on Amazon.com, Inc. on March 14, 2022. (*See* Ex. C, CSC Notice of Service of Process).

3. This lawsuit stems from an incident that occurred on or around March 5, 2020, in which plaintiff Amber Green allegedly sustained injuries when attempting to use a 17.5 foot "HANDVOLL Telescoping Ladder" (the "subject ladder"). (Ex. A, Compl., ¶¶ 22, 23, 27).

4. Plaintiffs allege that Mrs. Green purchased the subject ladder from Amazon on or about October 30, 2019. (*Id.* ¶ 16).

5. Mrs. Green asserts claims against Amazon sounding in strict liability and negligence and seeks to recover an amount in excess of $50,000 for her injuries. (*See generally id.*).

6. Additionally, Mr. Green asserts a claim for loss of consortium and seeks to recover an amount in excess of $50,000. (*Id.* ¶¶ 84-86).

7. As required by 28 U.S.C. § 1446(a), Amazon has attached to this Notice as Exhibits A and B "a copy of all process, pleadings, and orders served upon" it. These documents represent every document filed in the state court action.

8. This case is properly removed to this Court under 28 U.S.C. § 1441 because Amazon has satisfied the procedural requirements for removal and this Court has subject matter

jurisdiction under 28 U.S.C. § 1332. Plaintiffs are not citizens of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.      Diversity of Citizenship is Satisfied.**

9.      Complete diversity exists, and at all relevant times has existed, between the parties to this action.

10.     For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1332.

11.     As alleged in the Complaint, Plaintiffs reside at 30 Country Farm Lane, Harrison City, Pennsylvania; therefore, they are citizens of Pennsylvania. (*See* Ex. A, Compl. ¶ 1).

12.     For diversity purposes, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13.     The Complaint alleges that Handvoll is incorporated under the laws of California, with its principal place of business in California. (*See* Ex. A, Compl. ¶ 5). Therefore, Handvoll is a citizen of California.

14.     Defendant Amazon.com, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Washington. Therefore, Amazon.com, Inc. is a citizen of Delaware and Washington.

15.     Defendant Amazon Logistics, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Washington. Therefore, Amazon Logistics, Inc. is a citizen of Delaware and Washington.

16.     Defendant Amazon Web Services, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Washington. Therefore, Amazon Web Services, Inc. is a citizen of Delaware and Washington.

17. Defendant Amazon.com Sales, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Washington. Therefore, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

18. Defendant Amazon.com Services, Inc. was incorporated under the laws of Delaware, and its principal place of business was in Washington. In 2019, Amazon.com Services, Inc. converted to a limited liability company and changed its name to Amazon.com Services LLC. As discussed in paragraph 20 below, Amazon.com Services LLC is a citizen of Delaware and Washington. Amazon.com Services, Inc. is therefore a citizen of Delaware and Washington.

19. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

20. Defendant Amazon.com Services LLC is a Delaware limited liability company. The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington.

21. Amazon.com, LLC was a Delaware limited liability company but has been merged into its direct parent entity, Amazon.com Services LLC. As discussed above, Amazon.com Services LLC is a citizen of Delaware and Washington. *See* Notice of Removal, ¶ 20. Amazon.com LLC is therefore a citizen of Delaware and Washington

22. Amazon Retail LLC is a Delaware limited liability company. Amazon Retail LLC's only member is Amazon Retail US Holdings LLC. Amazon Retail US Holdings LLC's only member is Walnut Sub Enterprises LLC. Walnut Sub Enterprises LLC's only member is Amazon.com Services LLC. As discussed above, Amazon.com Services LLC is a citizen of

Delaware and Washington.  *See* Notice of Removal, ¶ 20.  Amazon Retail LLC is therefore a citizen of Delaware and Washington.

23. Plaintiffs also assert claims against "John Doe 1," a fictious name. (*See* Ex. A, Compl. ¶ 7).  Under 28 U.S.C. § 1441, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names **shall** be disregarded." 28 U.S.C. § 1441 (b)(1) (emphasis added).

24. Because Plaintiffs are citizens of Pennsylvania, while the named defendants are citizens of Delaware, Washington, and California, complete diversity exists.

**C.    The Amount in Controversy Requirement is Satisfied.**

25. The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

26. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interest.

27. Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

28. To determine the amount in controversy, the Court should consider a "reasonable reading of the value of the rights being litigated" based on the allegations in the Complaint at the time of removal.  *McCoy v. Progressive Ins. Co.*, 2020 U.S. Dist. LEXIS 225547, 2020 WL 7056332 (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016)).

29. Although Plaintiffs do not quantify their exact damages, they **each** seek

5

compensation in excess of $50,000, which is in excess of the applicable Pennsylvania Arbitration Limits, as directly stated in the Complaint and on the Civil Cover Sheet.  (*See generally* Ex. A, Compl.; *see also* Ex. B, Civil Cover Sheet).

30. Additionally, Mrs. Green alleges she sustained "severe, persistent, and ongoing chronic pain" as a result of her injuries, which include "left radial head fracture" and "fracture of T11 and T12 vertebra."  (*See* Ex. A, Compl. ¶ 27).

31. Mrs. Green further alleges that as a result of the incident, she has suffered decreased range of motion, "scarring and disfigurement," and "nervousness, confusion, emotional tension, and anxiety."  (*Id.*).

32. Finally, Mrs. Green alleges that as a result of the incident, has suffered "a loss of her earnings and/or earning power" and has had to expend various sums for medical care related to her claimed injuries.  (*Id*. ¶ 28).

33. Therefore, a fair reading of the Complaint establishes a reasonable probability that Plaintiffs are alleging damages in excess of $75,000.

34. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. § 1332 and 1441(b).

      **D.**    **Procedural Requirements for Removal.**

35. A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b).

36. Because Plaintiffs served Amazon with the Complaint on March 14, 2022, this removal is timely.

37. This action is properly removed from the state court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and

this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

38. This action is being removed to the United States District Court of the Western District of Pennsylvania as "district court for the district and division embracing the place where such action is pending" (Allegheny County, Pennsylvania). 28 U.S.C. § 1441(a).

39. In cases involving multiple defendants, "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A) (emphasis added).

40. "The unanimity rule may be disregarded, however, where: (1) a non-joining defendant is merely a nominal party; … or (3) a non-resident defendant has not been served at the time the removing defendant filed its removal petition. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

41. Upon information and belief, only Amazon has been served with Plaintiffs' Complaint and, therefore, the consent of Handvoll is not required to remove. (*See* Ex. D, State Court Docket). Rule 405 of the Pennsylvania Rules of Civil Procedure requires that when service of original process has been made the sheriff or other person making service, a return of service "shall be filed with the prothonotary." Alternatively, where service of original process has been accomplished by mail in accordance with Rule 403, a party must file an affidavit of service with the prothonotary. *See* Pa. R.C.P. 405. Here, the state court docket does not reflect that either a return of service of an affidavit of service has been filed with respect to Handvoll prior to this timely filed removal. *See* Ex. D, State Court Docket).

42. Moreover, Amazon is not required to obtain consent of the fictitious entity, John Doe 1. *See Balazik*, 44 F.3d at 213.

43. Amazon, as the removing Defendant, will file this Notice of Removal with the

Clerk of the Pennsylvania Court of Common Pleas, Allegheny County under 28 U.S.C. § 1446 (d).

WHEREFORE, Amazon hereby removes this case to the United States District Court for the Western District of Pennsylvania, respectfully requests that no further proceedings be had in the Pennsylvania Court of Common Pleas, Allegheny County, and requests such other and further relief as the Court deems just and proper.

                                              **CAMPBELL CONROY & O'NEIL, P.C.**

By:   */s/ Erin W. Grewe*_____
        Thomas M. Hinchey, Esquire
        Erin W. Grewe, Esquire
        Attorney I.D. Nos.: 46628/313787
        1205 Westlakes Drive, Suite 330
        Berwyn, PA 19312
        (610) 964-1900
        *Attorneys for Amazon Defendants*

Date:   March 25, 2022

## CERTIFICATE OF SERVICE

I, Erin W. Grewe, Esquire, do hereby certify that on March 25, 2022, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF. Said document was also sent via electronic mail to the following counsel of record and served via mail on the unrepresented parties:

    Athena M. Dufour- Mason, Esq.
    Paul R. Robinson, Esquire
    Meyer, Darragh, Buckler, Bebenek & Eck, PLLC
    600 Grant Street, Suite 4850
    U.S. Steel Tower
    Pittsburgh, PA 15219
    adufour-mason@mdbbe.com
    probinson@mdbbe.com

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Erin W. Grewe*
      Erin W. Grewe, Esquire
      *Attorney for Amazon Defendants*

Date: March 25, 2022