EXHIBIT A



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

AMBER GREEN, and her husband, ERIC
GREEN,

                Plaintiffs,

    vs.

AMAZON.COM, INC.; AMAZON
ENTERPRISES, INC.; AMAZON HOME, INC.;
AMAZON, LLC; AMAZON LOGISTICS, INC.;
AMAZON RETAIL, LLC; AMAZON WEB
SERVICES, INC.; AMAZON.COM, LLC;
AMAZON.COM SALES, INC.; AMAZON.COM
SERVICES LLC; AMAZON.COM SERVICES,
INC.; HANDVOLL, a/k/a HANDVOL; and JOHN
DOE 1,

                Defendants.

CIVIL DIVISION

No. GD-22-2436

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiffs, Amber and
Eric Green

Counsel of Record for this Party:

ATHENA M. DUFOUR-MASON, ESQ.
PA. I.D. # 330714

PAUL R. ROBINSON, ESQUIRE
PA. I.D. # 65581

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.
Firm No. 198
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219-6194

Telephone No.:  (412) 261-6600
Fax No.:  (412) 471-2754

**JURY TRIAL DEMANDED**

**NOTICE TO DEFEND**

**TO DEFENDANTS:**

You are hereby notified to plead to the
enclosed Complaint within twenty (20)
days from service hereof or a default
judgment may be entered against you.

*A. Dufour-Mason*
Athena M. Dufour-Mason, Esquire
Counsel for Amber Green and Eric Green

FILED
2022 MAR -3  PM 2: 4
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY, PA

{P1718414.1}

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

AMBER GREEN, and her husband, ERIC GREEN,

        Plaintiffs,

   vs.

AMAZON.COM, INC.; AMAZON
ENTERPRISES, INC.; AMAZON HOME, INC.;
AMAZON, LLC; AMAZON LOGISTICS, INC.;
AMAZON RETAIL, LLC; AMAZON WEB
SERVICES, INC.; AMAZON.COM, LLC;
AMAZON.COM SALES, INC.; AMAZON.COM
SERVICES LLC; AMAZON.COM SERVICES,
INC.; HANDVOLL, a/k/a HANDVOL; and
JOHN DOE 1,

        Defendants.

CIVIL ACTION

No. AD 22-2436

## NOTICE TO DEFEND

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

{P1718414.1}

<u>PLEASE SERVE ALL PAPERS ON</u>:
ATHENA M. DUFOUR-MASON, ESQUIRE
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. STEEL TOWER, SUITE 4850
600 GRANT STREET
PITTSBURGH, PA  15219

2

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

AMBER GREEN, and her husband, ERIC GREEN,

        Plaintiffs,

vs.

AMAZON.COM, INC.; AMAZON ENTERPRISES, INC.; AMAZON HOME, INC.; AMAZON, LLC; AMAZON LOGISTICS, INC.; AMAZON RETAIL, LLC; AMAZON WEB SERVICES, INC.; AMAZON.COM, LLC; AMAZON.COM SALES, INC.; AMAZON.COM SERVICES LLC; AMAZON.COM SERVICES, INC.; HANDVOLL, a/k/a HANDVOL; and JOHN DOE 1,

        Defendants.

CIVIL ACTION

No.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiffs, AMBER GREEN and ERIC GREEN, by and through their counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC, and files the following complaint, averring in support thereof:

## PARTIES

1.     Plaintiffs, Amber and Eric Green, are adult individuals who reside at 30 Country Farm Lane, Harrison City, Pennsylvania 15636.

2.     Defendants, AMAZON.COM, INC.; AMAZON ENTERPRISES, INC.; AMAZON HOME, INC.; AMAZON, LLC; AMAZON LOGISTICS, INC.; AMAZON RETAIL, LLC; AMAZON WEB SERVICES, INC.; AMAZON.COM, LLC; AMAZON.COM SALES, INC.; AMAZON.COM SERVICES LLC; AMAZON.COM SERVICES, INC., hereinafter "AMAZON," is/are a corporation organized under the laws of the state of

3

{P1718414.1}

Delaware with a principal place of business located at 410 Terry Avenue North, Seattle, Washington, 98109-5210.

3.      AMAZON is engaged in the business of electronic commerce, providing a virtual store-front through which third-party vendors, like Handvoll and John Doe 1, may sell products. Upon information and belief, AMAZON generates a large profit from its third party vendor sales, to include the sale of Handvoll and/or John Doe 1's products.

4.      At all relevant time, AMAZON was and is an online retailer that engages in the business of offering for sale and selling and distributing products to customers through its website. Upon information and belief, customers all around the United States, including this Commonwealth and Allegheny County, use AMAZON's online retail website to purchase various products.

5.      Defendant, Handvoll, a/k/a Handvol, hereinafter HANDVOLL, is a California company with a principal place of business located at 10352 Trask Avenue, # C, Garden Grove, California, 92843.

6.      HANDVOLL is engaged in the business of designing, manufacturing, selling and/or distributing telescopic ladders. At all relevant times, HANDVOLL used a third party vendor, AMAZON, to market, sell, and distribute its products, including the 17.5 foot telescoping ladder at issue in this lawsuit, to customers around the United States.

7.      Upon information and belief, John Doe 1, hereinafter JOHN DOE I, herein averred to be fictitious, is a California company that is engaged in the business of designing, manufacturing, selling and/or distributing telescopic ladders to customers around the United States through third party vendor, AMAZON.

4

{P1718414.1}

8.    Plaintiffs aver that they have made a reasonable search to determine the actual name of JOHN DOE 1.

## JURISDICTION AND VENUE

9.    AMAZON conducts business in a systematic and continuous manner in Allegheny County and Pennsylvania by nature of its electronic commerce business, to include putting products into the stream of commerce with the expectation it would be purchased by consumers in Allegheny County.

10.    At all relevant times, AMAZON conducted business in, and availed itself of the laws of the Commonwealth of Pennsylvania. To effectuate its electronic commerce business in Pennsylvania, AMAZON owns and operates numerous warehouses and distribution centers in Pennsylvania where products are stored before being shipped to customers.

11.    AMAZON also maintains at least two corporate offices in Pennsylvania, located at 2730 Sidney Street, Building 2, Pittsburgh, Pennsylvania 15203 and 3025 Meeting House Road, Philadelphia, Pennsylvania 19154.

12.    HANDVOLL conducts business in a systematic and continuous manner in Allegheny County and Pennsylvania by nature of manufacturing, distributing, and/or selling products through third-party vendors, to include putting products into the stream of commerce with the expectation it would be purchased by consumers in Allegheny County.

13.    Defendant JOHN DOE 1 conducts business in a systematic and continuous manner in Allegheny County and Pennsylvania by nature of manufacturing, distributing, and/or selling of products through third-party vendors, to include putting

5

products into the stream of commerce with the expectation it would be purchased by consumers in Allegheny County.

14.    At all relevant times, JOHN DOE 1 conducted business in, and availed itself of the laws of the Commonwealth of Pennsylvania.

15.    As more fully alleged below, this cause of action and the transaction and/or occurrence out of which this action arises took place in Allegheny County where Plaintiff, Amber Green, purchased and received the defective product and where Plaintiff, Amber Green, obtained almost all of her medical treatment.

## FACTS

16.    On October 30, 2019, Plaintiff, Amber Green ("Mrs. Green") purchased a 17.5 foot HANDVOLL Telescoping Ladder from AMAZON's website (herein the "Ladder"). The Ladder was delivered to Mrs. Green's home at 30 Country Farm Lane, Harrison City, Pennsylvania 15636, Allegheny County. A true and correct copy of the Amazon Order Confirmation is attached as Exhibit A.

17.    AMAZON was the owner, operator, designer, and manager of the website through which Mrs. Green purchased the Ladder.

18.    Upon information and belief, HANDVOLL designed, manufactured, distributed, and/or sold the Ladder through third-party vendor AMAZON.

19.    Upon information and belief, JOHN DOE 1 designed, manufactured, distributed, and/or sold the Ladder through third-party vendor AMAZON.

20.    The Ladder is designed with two locking pins on each rung to ensure the ladder does not collapse while in use.

6

{P1718414.1}

21.    Mrs. Green bought the Ladder with the intent to use it in her employment capacity as an insurance adjuster which occasionally required her to perform insurance estimates on various parts of residential homes, to include roofs.

22.    On March 5, 2020, Mrs. Green was conducting such an insurance estimate at a home located at 342 Glenridge Road, Erie, Pennsylvania, 16509. The insurance estimate required Mrs. Green to get onto the roof of the home. Mrs. Green used the Ladder to access the roof.

23.    As she was attempting to come down from the roof via the Ladder, it suddenly and unexpectedly collapsed, causing Mrs. Green to fall approximately ten (10) feet to the ground. Mrs. Green landed on her back on top of the ladder.

24.    Upon information and belief, AMAZON designed, manufactured, marketed, sold, and/or distributed the Ladder in a defective condition as described more fully herein.

25.    Upon information and belief, HANDVOLL designed, manufactured, marketed, sold, and/or distributed the Ladder in a defective condition as described more fully herein.

26.    Upon information and belief, JOHN DOE 1 designed, manufactured, marketed, sold, and/or distributed the Ladder in a defective condition as described more fully herein.

27.    As a direct and proximate result of the above-described incident, Mrs. Green sustained the following injures:

     a.  Left radial head fracture;

     b.  Fracture of T11 and T12 vertebra;

7

    c.  Severe left elbow pain;

    d.  Severe back pain;

    e.  Left wrist and hand pain;

    f.  Bruises and contusions;

    g.  Numbness and tingling in her bilateral extremities;

    h.  Decreased range of motion in her left elbow;

    i.  Scarring and disfigurement;

    j.  Nervousness, confusion, emotional tension, and anxiety; and

    k.  Severe, persistent and ongoing chronic pain.

28.    As a direct and proximate result of the above-reference incident, Mrs. Green has suffered the following damages, some or all of which may be permanent in nature:

    a.  Mrs. Green has suffered severe pain, suffering, inconvenience, embarrassment, sleeplessness, mental anguish, and emotional and psychological trauma;

    b.  Mrs. Green will continue to have to undergo physical therapy and/or rehabilitation;

    c.  Mrs. Green has suffered a loss of her earnings and/or earning power;

    d.  Mrs. Green has been and will be required to expend money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and other attendant services;

8

e. Mrs. Green is unable to enjoy various pleasures of life that she previously enjoyed; and

f. Mrs. Green's general health, strength, and vitality have been significantly and negatively impaired.

## COUNT I – NEGLIGENCE
## AMBER GREEN v. AMAZON

29.    The plaintiff incorporates paragraphs 1 through 28 of the herein Complaint as if the same were set forth here at length.

30.    At all times relevant hereto, AMAZON owed a duty of reasonable care in its business of designing, manufacturing, marketing, distributing, and/or selling products, including the Ladder.

31.    At all times relevant hereto, AMAZON owed a duty of reasonable care to design, manufacture, market, distribute, and/or sell products that do not present a risk of injury to customers.

32.    At all times relevant hereto, AMAZON owed a duty to provide adequate warnings to its consumers of the correct use of the Ladder.

33.    At all relevant times, AMAZON had a duty to prohibit, regulate, and prevent the Ladder from being sold through its website without adequate safety and precautionary warnings.

34.    At the time of the manufacture and/or sale of the Ladder, AMAZON knew or reasonably should have known that the Ladder was designed and/or manufactured in a condition as to present an unreasonable risk of harm when used in its intended manner.

9

35.   AMAZON, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors, breached one or more of the aforementioned duties of reasonable care and was negligent by failing to design, manufacture, market, distribute, and/or sell the Ladder in a condition that does not present an unreasonable risk of injury to customers by way of a sudden collapsing of the ladder.

36.   Mrs. Green's injuries and damages are the direct and proximate result of AMAZON's negligent and careless conduct, in the following particulars:

    a.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product in a defective condition;

    b.   Designing, manufacturing, marketing, distributing, and/or selling an unsafe product that poses an unreasonable risk of injury to customers;

    c.   Failing to design and/or utilize proper designs for the manufacture, assembly, sale, and/or distribution of the Ladder so as to minimize the risk of injury to intended users;

    d.   Failing to direct and require manufacturers/assemblers/installers to adhere to applicable safety regulations and standards;

    e.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all necessary safety features to protect intended and foreseeable users;

    f.   Designing, assembling, manufacturing, selling, supplying and/or distributing a product which could be designed more safely;

10

g. Designing, assembling, manufacturing, selling, supplying and/or distributing a product without appropriate safety devices;

h. Designing, assembling, manufacturing, selling, supplying and/or distributing a Ladder for animals without adequate warnings of the appropriate use for said Ladder;

i. Failing to incorporate safety measures into the Ladder locking mechanisms that would have prevented the risk of accident or serious injury; and

j. Failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances.

37.    As a result of AMAZON's negligence, Mrs. Green has suffered severe and permanent injuries, including but not limited to bodily injuries, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, AMAZON, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

## COUNT II – STRICT LIABILITY
## AMBER GREEN v. AMAZON

38.    The plaintiff incorporates paragraphs 1 through 37 of the herein Complaint as if the same were set forth here at length.

11

{P1718414.1}

39.   AMAZON, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors, is strictly liable under §402(A) of the Restatement (Second) of Torts because

a. AMAZON is engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying Ladder;

b. The Ladder at issue in this lawsuit was marketed and placed in the general stream of commerce by AMAZON;

c. The Ladder was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold; and

d. The Ladder was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

40.   The Ladder was in a defective condition and unreasonably dangerous at the time it left the possession of AMAZON.

41.   AMAZON, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors are strictly liable under §402(A) of the Restatement (Second) of Torts by:

a. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that an ordinary consumer would not reasonably anticipate and appreciate the dangerous condition of upon its normal use;

b. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that a reasonable person would conclude that the

12

probability and seriousness of harm caused by the product does not outweigh the burden or costs of taking precautions;

c.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that, at the time the product left the possession of AMAZON, lacked any element necessary to make it safe for its intended use;

d.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that was unreasonably dangerous to its intended and foreseeable uses;

e.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that lacks adequate warnings to customers to advise of the proper and intended use of the product;

f.  Designing, assembling, manufacturing, selling, supplying, and/or distributing the Ladder with locking mechanisms that do not remain in the locked position during normal use;

g.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a telescoping ladder that lacked a necessary component to prevent the Ladder from collapsing on its own;

h.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that does not support the maximum weight that is advertised;

13

i.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product with inadequate material strength and/or durability; and

j.  Designing, assembling, manufacturing, selling, supplying, and/or distributing the Ladder without sufficient warnings/instructions on how to secure the locking mechanism.

42.   At all times relevant hereto, the Ladder was defective and unsafe for consumer use.

43.   At all times relevant hereto, there were latent defects in the Ladder such that the defective condition was unknown to the consumer, rendering the product unacceptable for consumer use.

44.   AMAZON designed, assembled, manufactured, sold, and/or distributed the Ladder in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of Mrs. Green's injuries.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, AMAZON, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

## COUNT III – NEGLIGENCE
## AMBER GREEN v. AMAZON

45.   The plaintiff incorporates paragraphs 1 through 44 of the herein Complaint as if the same were set forth here at length.

46.   At all times relevant hereto, AMAZON, by and through its agents, servants, workers, employees, representatives, and/or assigns owned, operated, and

14

maintained an online retail store through which third party vendors sold their products and customers could purchase said products.

47.   At all times relevant hereto, AMAZON had a duty to investigate and regulate the third party vendors whose products AMAZON sold through its online retail store existed as a business entity, to include ensuring that the third party vendor was an actual, existent business entity.

48.   The plaintiff has made a due diligent effort to determine and locate the entity that designed, manufactured, and/or assembled the Ladder at issue in this lawsuit. However, those efforts were to no avail and the plaintiff was forced to file this lawsuit against a fictitious defendant, JOHN DOE 1, to preserve her claim.

49.   At all times relevant hereto, AMAZON permitted the Ladder to be marketed, advertised, and sold through its online retail store despite not knowing whether the designer, manufacturer, and/or assembler existed as a business entity.

50.   AMAZON, by and through its agents, servants, workers, employees, representatives, and/or assigns, breached the aforementioned duty and was negligent by allowing an apparently non-existent third party vendor to sell a defective product through its online retail store.

51.   As a result of AMAZON's negligence, Mrs. Green has suffered severe and permanent injuries, including but not limited to bodily injuries, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

{P1718414.1}

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, AMAZON, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

## COUNT IV – NEGLIGENCE
## AMBER GREEN v. HANDVOLL

52.    The plaintiff incorporates paragraphs 1 through 51 of the herein Complaint as if the same were set forth here at length.

53.    At all times relevant hereto, HANDVOLL owed a duty of reasonable care its business of designing, manufacturing, marketing, distributing, and/or selling products, including the Ladder.

54.    At all times relevant hereto, HANDVOLL owed a duty of reasonable care to design, manufacture, market, distribute, and/or sell products that do not present a risk of injury to customers.

55.    At all times relevant hereto, HANDVOLL owed a duty to provide adequate warnings to its consumers of the correct use of the Ladder.

56.    At all relevant times, HANDVOLL had a duty to comply with the applicable safety standards and regulations in its design, manufacturing, and assembly of the Ladder.

57.    At the time of the manufacture and/or sale of the Ladder, HANDVOLL knew or reasonably should have known that the Ladder was designed and/or manufactured in a condition as to present an unreasonable risk of harm when used in its intended manner.

58.    HANDVOLL breached one or more of the aforementioned duties of reasonable care and was negligent by failing to design, manufacture, market, distribute,

16

{P1718414.1}

and/or sell the Ladder in a condition that does not present an unreasonable risk of injury to customers by way of a sudden collapsing of the ladder.

59.     Mrs. Green's injuries and damages are the direct and proximate result of John Doe 1's negligent and careless conduct, in the following particulars:

a. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product in a defective condition;

b. Designing, manufacturing, marketing, distributing, and/or selling an unsafe product that poses an unreasonable risk of injury to customers;

c. Failing to design and/or utilize proper designs for the manufacture, assembly, sale, and/or distribution of the Ladder so as to minimize the risk of injury to intended users;

d. Failing to adhere to applicable safety regulations and standards in the design, manufacture, and assembly of the Ladder;

e. Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all necessary safety features to protect intended and foreseeable users;

f. Designing, assembling, manufacturing, selling, supplying and/or distributing a product which could be designed more safely;

g. Designing, assembling, manufacturing, selling, supplying and/or distributing a product without appropriate safety devices;

h. Designing, assembling, manufacturing, selling, supplying and/or distributing a Ladder without adequate warnings of the appropriate use for said Ladder;

17

    i.   Failing to incorporate safety measures into the Ladder locking mechanisms that would have prevented the risk of accident or serious injury; and

    j.   Failing to adequately and properly test the Ladder after its design and/or assembly under reasonably foreseeable circumstances.

60.    As a result of HANDVOLL's negligence, Mrs. Green has suffered severe and permanent injuries, including but not limited to bodily injuries, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, HANDVOLL, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

## COUNT V – STRICT LIABILITY
## AMBER GREEN v. HANDVOLL

61.    The plaintiff incorporates paragraphs 1 through 60 of the herein Complaint as if the same were set forth here at length.

62.    HANDVOLL, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors, is strictly liable under §402(A) of the Restatement (Second) of Torts because

    a.   HANDVOLL is engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying the Ladder;

    b.   The Ladder at issue in this lawsuit was marketed and placed in the general stream of commerce by HANDVOLL;

18

{P1718414.1}

c. The Ladder was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold; and

d. The Ladder was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

63. The Ladder was in a defective condition and unreasonably dangerous at the time it left the possession of HANDVOLL.

64. HANDVOLL, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors are strictly liable under §402(A) of the Restatement (Second) of Torts by:

a. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that an ordinary consumer would not reasonably anticipate and appreciate the dangerous condition of upon its normal use;

b. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that a reasonable person would conclude that the probability and seriousness of harm caused by the product does not outweigh the burden or costs of taking precautions;

c. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that, at the time the product left the possession of HANDVOLL, lacked any element necessary to make it safe for its intended use;

19

d.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that was unreasonably dangerous to its intended and foreseeable uses;

e.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that lacks adequate warnings to customers to advise of the proper and intended use of the product;

f.  Designing, assembling, manufacturing, selling, supplying, and/or distributing the Ladder with locking mechanisms that do not remain in the locked position during normal use;

g.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a telescoping ladder that lacked a necessary component to prevent the Ladder from collapsing on its own;

h.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that does not support the maximum weight that is advertised;

i.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product with inadequate material strength and/or durability; and

j.  Designing, assembling, manufacturing, selling, supplying, and/or distributing the Ladder without sufficient warnings/instructions on how to secure the locking mechanism.

65.  At all times relevant hereto, the Ladder was defective and unsafe for consumer use.

20

{P1718414.1}

66.    At all times relevant hereto, there were latent defects in the Ladder such that the defective condition was unknown to the consumer, rendering the product unacceptable for consumer use.

67.    HANDVOLL designed, assembled, manufactured, sold, and/or distributed the Ladder in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of Mrs. Green's injuries.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, HANDVOLL, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

## COUNT VI – NEGLIGENCE
## AMBER GREEN v. JOHN DOE 1

68.    The plaintiff incorporates paragraphs 1 through 67 of the herein Complaint as if the same were set forth here at length.

69.    At all times relevant hereto, JOHN DOE 1 owed a duty of reasonable care its business of designing, manufacturing, marketing, distributing, and/or selling products, including the Ladder.

70.    At all times relevant hereto, JOHN DOE 1 owed a duty of reasonable care to design, manufacture, market, distribute, and/or sell products that do not present a risk of injury to customers.

71.    At all times relevant hereto, JOHN DOE 1 owed a duty to provide adequate warnings to its consumers of the correct use of the Ladder.

21

{P1718414.1}

72.     At all relevant times, JOHN DOE 1 had a duty to comply with the applicable safety standards and regulations in its design, manufacturing, and assembly of the Ladder.

73.     At the time of the manufacture and/or sale of the Ladder, JOHN DOE 1 knew or reasonably should have known that the Ladder was designed and/or manufactured in a condition as to present an unreasonable risk of harm when used in its intended manner.

74.     JOHN DOE 1 breached one or more of the aforementioned duties of reasonable care and was negligent by failing to design, manufacture, market, distribute, and/or sell the Ladder in a condition that does not present an unreasonable risk of injury to customers by way of a sudden collapsing of the ladder.

75.     Mrs. Green's injuries and damages are the direct and proximate result of JOHN DOE 1's negligent and careless conduct, in the following particulars:

a. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product in a defective condition;

b. Designing, manufacturing, marketing, distributing, and/or selling an unsafe product that poses an unreasonable risk of injury to customers;

c. Failing to design and/or utilize proper designs for the manufacture, assembly, sale, and/or distribution of the Ladder so as to minimize the risk of injury to intended users;

d. Failing to adhere to applicable safety regulations and standards in the design, manufacture, and assembly of the Ladder;

22

e. Designing, assembling, manufacturing, selling, supplying and/or distributing a product which lacked all necessary safety features to protect intended and foreseeable users;

f. Designing, assembling, manufacturing, selling, supplying and/or distributing a product which could be designed more safely;

g. Designing, assembling, manufacturing, selling, supplying and/or distributing a product without appropriate safety devices;

h. Designing, assembling, manufacturing, selling, supplying and/or distributing the Ladder without adequate warnings of the appropriate use for said Ladder;

i. Failing to incorporate safety measures into the Ladder locking mechanisms that would have prevented the risk of accident or serious injury; and

j. Failing to adequately and properly test said product after its design and/or assembly under reasonably foreseeable circumstances.

76.    As a result of JOHN DOE 1's negligence, Mrs. Green has suffered severe and permanent injuries, including but not limited to bodily injuries, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, JOHN DOE 1, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

{P1718414.1}

## COUNT VII – STRICT LIABILITY
## AMBER GREEN v. JOHN DOE 1

77.     The plaintiff incorporates paragraphs 1 through 76 of the herein Complaint as if the same were set forth here at length.

78.     JOHN DOE 1, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors, is strictly liable under §402(A) of the Restatement (Second) of Torts because

    a.  JOHN DOE 1 is engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying the Ladder;

    b.  The Ladder at issue in this lawsuit was marketed and placed in the general stream of commerce by JOHN DOE 1;

    c.  The Ladder was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed, and/or sold; and

    d.  The Ladder was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

79.     The Ladder was in a defective condition and unreasonably dangerous at the time it left the possession of JOHN DOE 1.

80.     JOHN DOE 1, by and through its agents, servants, workers, designers, assemblers, manufacturers, sellers, suppliers, and distributors are strictly liable under §402(A) of the Restatement (Second) of Torts by:

    a.  Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that an ordinary consumer would not reasonably

24

anticipate and appreciate the dangerous condition of upon its normal use;

b. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that a reasonable person would conclude that the probability and seriousness of harm caused by the product does not outweigh the burden or costs of taking precautions;

c. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that, at the time the product left the possession of JOHN DOE 1, lacked any element necessary to make it safe for its intended use;

d. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that was unreasonably dangerous to its intended and foreseeable uses;

e. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that lacks adequate warnings to customers to advise of the proper and intended use of the product;

f. Designing, assembling, manufacturing, selling, supplying, and/or distributing a ladder with locking mechanisms that do not remain in the locked position during normal use;

g. Designing, assembling, manufacturing, selling, supplying, and/or distributing a telescoping ladder that lacked a necessary component to prevent the ladder from collapsing on its own;

25

h. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product that does not support the maximum weight that is advertised;

i. Designing, assembling, manufacturing, selling, supplying, and/or distributing a product with inadequate material strength and/or durability; and

j. Designing, assembling, manufacturing, selling, supplying, and/or distributing the Ladder without sufficient warnings/instructions on how to secure the locking mechanism.

81.     At all times relevant hereto, the Ladder was defective and unsafe for consumer use.

82.     At all times relevant hereto, there were latent defects in the Ladder such that the defective condition was unknown to the consumer, rendering the product unacceptable for consumer use.

83.     JOHN DOE 1 designed, assembled, manufactured, sold, and/or distributed the Ladder in a defective condition in violation of the Restatement (Second) of Torts § 402(A), and those defects were the sole and proximate cause of Mrs. Green's injuries.

WHEREFORE, Plaintiff, Amber Green, respectfully request this Honorable Court enter judgment in her favor and against the Defendant, JOHN DOE 1, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

26

{P1718414.1}

## COUNT VIII – LOSS OF CONSORTIUM
## ERIC GREEN v. ALL DEFENDANTS

84.     The plaintiff incorporates paragraphs 1 through 83 of the herein Complaint as if the same were set forth here at length.

85.     As a further result of the incident described herein, Plaintiff, Eric Green, has suffered the loss of earnings, society, consortium, and services of his Wife, to which he is legally entitled.

86.     As a further result of the incident described herein, Plaintiff, Eric Green, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife suffered by reason of the Defendants negligence and strict liability, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Eric Green, respectfully request this Honorable Court enter judgment in his favor and against the Defendants, jointly and severally, in an amount in excess of the arbitration limits of Allegheny County, Pennsylvania.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.

Dated: _March 3, 2022_

By: _A. Dufour-Mason_
       ATHENA M. DUFOUR-MASON, ESQ.
       PAUL R. ROBINSON, ESQUIRE
       Counsel for Plaintiff

27

{P1718414.1}



# View order details

| | |
|---|---|
| Order date | Oct 30, 2019 |
| Order # | 113-0025055-3568240 |
| Order total | $158.99 (1 item) |

## Shipment details

Standard Shipping

### On the way

Shipping estimate:
**Wednesday, October 30, 2019**



**Handvoll Telescoping Ladder 17.5ft Aluminum Extension Folding Ladder,...**                           $149.99

Qty: 1

Sold By: HAND-VOLLDOTCOM

## Payment information

**Payment Method**
Visa ending in 9057

**Billing Address**
30 Country Farm Lane
Harrison City, Pa 15636

## Shipping address

**Amber Green**
30 Country Farm Lane
Harrison City, Pa 15636



EXHIBIT
A

## VERIFICATION

I, AMBER GREEN, have prepared and read the foregoing COMPLAINT IN CIVIL ACTION. The statements therein are correct to the best of my personal knowledge, information, and belief.

This statement of verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date: 3/2/22

AMBER GREEN

{P1718414.1}

**VERIFICATION**

I, ERIC GREEN, have prepared and read the foregoing COMPLAINT IN CIVIL ACTION. The statements therein are correct to the best of my personal knowledge, information, and belief.

This statement of verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date: 3-2-2022

ERIC GREEN

{P1718414.1}

## CERIFICATE OF COMPLIANCE

I certify this this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Athena M. Dufour-Mason Esq.</u>

Signature: *A. Dufour Mason*

Name: <u>Athena M. Dufour-Mason, Esquire</u>

Attorney No. <u>330714</u>